UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. SMITH,

    Plaintiff,

                                              Case No. 07-14828
-vs-                                      HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## MEMORANDUM AND ORDER
## ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
## AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is a Social Security case. Plaintiff Robert A. Smith (Smith) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for benefits. Smith says he became disabled in an automobile accident in 2004. He experiences quadriparesis, which is a mild paralysis or weakness affecting all four limbs.

Smith filed for benefits on December 1, 2004. The Commissioner denied the application on initial review. After a hearing, an Administrative Law Judge (ALJ) affirmed the Commissioner's denial of benefits. The ALJ found that despite his impairments, Smith is not disabled.

Smith instituted this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge (MJ), before whom Smith and the

1

Commissioner filed motions for summary judgment. The MJ issued a report and recommendation (MJRR) that the ALJ's decision be affirmed.

Before the court are Smith's objections to the MJRR. For the reasons that follow, the Court adopts the MJRR as supplemented below.

## II.  Background

### A. Facts

The MJRR sets forth the facts, some of which are repeated here. Smith filed a disability claim on December 1, 2004, alleging that he became unable to work on October 21, 2004. His relevant employment history includes performing childcare for his four nieces and nephews for the last four years. Prior to childcare, he worked as a machine operator. He last worked as a machine operator in 2000.

Smith says that he is disabled because of injury to his back, neck, forearms, hand, and feet. His disability claim states that the condition arose from a motor vehicle accident on October 21, 2004, when as an un-belted passenger, he was thrown from the back seat of a vehicle into the front as the vehicle struck a tree. After the accident, Smith underwent a posterior laminectomy of cervical vertebrae three through six. He regained use of his legs by December 2004.

### B. Lay Testimony

Smith is currently 52 years of age. He has a tenth-grade education.

Smith testified that he is unable to return to work because of the injuries suffered due to the accident including numbness and pain in his hands and feet, as well as

having to walk with a cane. Smith also testified that he has problems with his memory and that he is unable to drive a car.

Smith lives with his sister and his 24-year-old niece; they take care of him including cooking and housekeeping. He spends most of his time watching movies, using the computer, and listening to music. He is only able to sit for up to one hour after which he must put on a cervical soft-collar neck brace and lie down to rest. He takes several medications to treat his discomfort and receives Botulism injections quarterly to treat headaches.

Smith testified that he often forgets to take his medications and cannot cook for himself because he has forgotten to turn the stove off in the past. He was prescribed cognitive rehabilitation therapy for his memory problems. He was also prescribed physical therapy for his physical injuries. He has since discontinued both therapies because his health insurance no longer covers them.

### C. Vocational Expert

A vocational expert, Harry Cynowa ("Cynowa"), testified at the hearing before the ALJ. He classified Smith's past employment as a machine operator as a semi-skilled position. The ALJ asked Cynowa to determine whether a hypothetical individual of Smith's age, education, past work experience, and limitations would be capable of performing any work activity at any level of exertion in competitive employment on a sustained basis. Cynowa testified that at the light exertion level Smith could work as a visual inspector. At the sedentary exertion level, Cynowa testified that Smith could work as an inspector/sorter, bench assembler, or hand packager.

### D. Medical Opinions

3

Several physicians including Dr. Devon Hoover saw Smith for quadriparesis at St. John Hospital in Detroit in October 2004. (Tr. 97–100.) Dr. Hoover reports that Smith underwent a C3 through C6 posterior laminectomy. Dr. Hoover saw Smith for his first post-operative visit in early December 2004. He noted that with home occupational therapy Smith was regaining strength in his legs, and especially in his arms and hands. Dr. Hoover wanted Smith to begin physical therapy.

Also in December 2004, Dr. F. Qadir, a psychiatrist, conducted a psychological evaluation of Smith at the request of the disability determination service of the Social Security Administration (SSA). (Tr. 101–03.) Dr. Qadir found that Smith did not exaggerate or minimize symptoms. Dr. Qadir diagnosed adjustment disorder with depressed mood and said Smith's prognosis was guarded.

In February 2005, Dr. Clearler Daniels, a state agency medical consultant, reviewed the medical evidence to that date and concluded that Smith had enough residual functional capacity to perform a full range of light work activity. (Tr. 17, 123–130.)

Dr. Bradley Klein, a psychiatrist, oversaw cognitive evaluations of Smith from April 2005 through approximately March 2006. (Tr. 143–86.) Dr. Klein referred Smith Dr. Thomas Spoor, who treated him for eye problems and neck pain and spasms from May 2005 through late 2005 or early 2006, and to Dr. David Blodgett, who treated him for neck spasms in March 2006. (Tr. 155–62, 185–86.)

Dr. Robert A. Krasnick saw Smith for follow-up for neck pain and quadriparesis from May 2005 through October 2006. (Tr. 131–39, 190–96.)

On January 26, 2007, Dr. Krasnick completed a Treating Medical Source Statement—Physical ("2007 Statement"), indicating that:

(1) Smith needs the freedom to rest, recline or lie down at his own discretion throughout the normal workday;

(2) Smith does not need to elevate his legs;

(3) Smith takes medications that would interfere with his ability to work;

(4) Smith has limitations that can be expected to last for 12 months or longer; and

(5) Smith's allegations of pain and fatigue are consistent with clinical findings.

(Tr. 197–98.)

### E. The ALJ's Decision

The ALJ applied the Commissioner's five-step disability analysis[1] to Smith's claim and concluded that Smith could perform jobs that exist in significant numbers in the national economy, such as small parts assembly, small parts packing, visual inspection/sorting, and bench assembler.

### F. The MJRR

---

[1] The analysis is: 1) If the claimant is currently engaged in substantial gainful activity, benefits are denied; (2) If the claimant does not have a severe impairment that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis; (3) If claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience; (4) if the claimant is able to perform his past relevant work, benefits are denied without further analysis; (5) Even if the claimant is unable to perform his past work, if other work exists in the national economy that plaintiff can perform, in view of his age, education, and work experience, benefits are denied. 20 C.F.R. §§ 404.1520, 416.920; Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2006).

After the ALJ issued his decision, the SSA Appeal Council denied review. Smith then instituted this action for judicial review. The MJ considered Smith's and the Commissioner's motions for summary judgment. Smith argues that substantial evidence fails to support the findings of the Commissioner. He says that the ALJ did not properly assess his complaints of pain, his limitations, or his credibility.

The MJ found that although Smith's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Smith's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible when taken together with testimony from Smith's treating physicians.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance. Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo*. 28

6

U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. Discussion

### A.

Smith appears to raise a single objection to the MJRR. He says that the MJ should not have agreed with the ALJ that Smith could perform jobs as a small parts assembler, packer, or visual inspector because the ALJ wrongfully discounted Dr. Krasnick's 2007 Statement and Smith's credibility. Because there was substantial evidence to support the ALJ's decision, this argument lacks merit.

The ALJ did not discount the 2007 Statement altogether but did not give it controlling weight because he found it "out of proportion with the remaining objective medical evidence." (Tr. 19.) He said the 2007 Statement was contradicted by Dr. Krasnick's earlier statements of February 9, 2006, in which "he noted that Smith had only mild physical limitations at best" (Tr. 195–96), and of April 27, 2006, when he noted that Smith was performing his activities of daily living independently and did not appear to need attendant care (Tr. 194). (Tr. 19.)

The ALJ found that Dr. Krasnick's opinion that Smith was unable to work was not supported by objective medical evidence such as treatment notes or laboratory and clinical findings. See Miller v. Sec'y of HHS, 843 F.2d 221, 224 (6th Cir. 1988) (upholding ALJ's decision not to credit treating physician's conclusion that claimant was disabled where conclusion was "a bare opinion . . . not supported by the necessary laboratory and clinical findings").

7

Similarly, although the ALJ did not discount Smith's credibility altogether, he did not give Smith's subjective complaints controlling weight over objective clinical evidence.

**B.**

The ALJ's overall characterization of the February 2006 report is fair: "he noted that [Smith] had only mild physical limitations." (Tr. 19.) Dr. Krasnick found mild weakness of the triceps, mild weakness in the intrinsic hand muscles, slight wasting of the musculature, mildly unsteady gait without a cane, and brisk reflexes. (Tr. 196.) Moreover, even though the record does not contain the entire April 2006 report,[2] the ALJ fairly judged what was there. Dr. Krasnick reported that Smith "does seem to get through the day without significant intervention from his family at this point. We had been gradually decreasing his attendant care and at this point in time it does not appear to be required." (Tr. 194.)[3]

The ALJ discussed the medical records in some detail in his written opinion (Tr. 17–20), including almost two pages that were given over to discussion of Dr. Krasnick's findings (Tr. 18–19). When weighing all the evidence, the ALJ was not persuaded by Dr. Krasnick's conclusion that Smith's medical condition was vocationally preclusive. The ALJ ordinarily accords opinions of treating physicians like Dr. Krasnick some deference but the ultimate determination of disability is a legal matter that is reserved to

---

[2] The Court requested but was unable to obtain all pages of the statement.

[3] The Court also notes that Dr. Krasnick's later reports in July 2006 (Tr. 192–93) and October 2006 (Tr. 190–91) indicate no reversal in Smith's condition.

the Commissioner. Miller v. Sec'y of HHS, 843 F.2d 221, 224 (6th Cir. 1988). "A statement by a medical source that [a claimant] is 'disabled' or 'unable to work' does not mean that [the Agency] will determine that [the claimant is] disabled." 20 C.F.R. § 404.1527(e).

Finally, the Court notes that while the ALJ essentially agreed with Dr. Daniels's assessment that Smith could perform a full range of light activity, he gave Smith's subjective complaints enough weight to reduce his capacity to a "<u>limited</u> range of light work activity with additional postural and environmental restrictions." (Tr. 20.)

Considering the record as a whole, the Court cannot say that the ALJ's decision lacked substantial evidentiary support. "The findings of the Commission are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). The ALJ's decision in this case was within the zone of choice.

### V. Conclusion

For the reasons stated above and in the MJRR, Smith's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

    S/Avern Cohn              
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 6, 2009, by electronic and/or ordinary mail.

    S/Julie Owens            
Case Manager, (313) 234-5160